Dear Mayor Cox:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority of the Mayor when there is an appointed Chief of Police. You indicate the Town now has an appointed Chief of Police and issues have arisen during the transition from an elected to an appointed Chief of Police. You ask the following questions:
 1. Does the Mayor have authority to hire, fire and suspend police officers, other than the Chief, for cause, without receiving a recommendation to do so from the appointed Chief?
 2. What are the duties of an appointed Chief?
 3. Can the Mayor devise and place into effect the policies and procedures to be followed by police department personnel, including the appointed Chief of Police? If so, does the Mayor need approval of the Board of Aldermen on these policies and procedures?
 4. Can the Mayor set the work schedules of police department personnel, other than the appointed Chief?
 5. Can the Mayor and Board of Aldermen mandate a specific work schedule for the Chief of Police?
 6. If a police officer, other than the appointed Chief, intentionally fails to follow a reasonable directive from the Mayor, can the Mayor suspend or terminate the officer for insubordination?
 7. Do the officers hired under an elected Chief of Police retain their employment or must they be rehired once the transition from elected to appointed chief occurs?
In response to your questions we find the following statutes are pertinent:
 R.S. 33:381(C) (19) Municipal officers
 Notwithstanding any other provision of law to the contrary, the office of police chief in the town of Cheneyville shall be an appointive and not an elective office. The mayor, with the approval of the board of aldermen, shall appoint the police chief. If there is an elected chief in office on April 19, 2000, the mayor shall make the first such appointment upon the expiration of the current term or vacancy for other reason; otherwise, he shall make the first appointment immediately. The board of aldermen, upon recommendation of the mayor, shall establish the chief's salary and shall, by ordinance, establish the duties, responsibilities, and qualifications of the office. The police chief's term of office shall be concurrent with that of the appointing mayor and aldermen. The mayor shall, in accordance with such ordinances, supervise and direct the administration of the office, and the chief shall report directly to the mayor. (Emphasis added.)
 R.S. 33:423 — Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
First, while R.S. 33:404 sets forth in general the duties of a mayor for a Lawrason Act community, and authorizes him "to supervise and direct the administration and operation of all municipal departments, offices and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law", we find that the provisions of R.S. 33:381(C) (19) are specifically applicable to the town of Cheneyville. Therein it is provided that the board of aldermen shall, by ordinance, establish the duties, responsibilities, and qualifications of the office for appointed chief of police, and that the "mayor shall, in accordance with such ordinances, supervise and direct the administration of the office, and the chief shall report directly to the mayor."
We note in Atty. Gen Op. 83-11 this office found no distinction between the power of an elected and an appointed chief except that an elected chief is given the power to make recommendations to the mayor and board of aldermen concerning the appointment of police personnel. Accordingly, we would conclude that the mayor has authority to hire, fire and suspend police officers without receiving a recommendation from the appointed chief.
With regard to your question of what are the duties of the appointed chief, we find they would be that established by ordinance by the board of aldermen as authorized by R.S. 33 381(C) (19). However, despite the authorization for the board of aldermen to establish the duties, and responsibilities of the chief, we recognize, in accordance with R.S.33:423, that the chief of police has general responsibility for law enforcement in the municipality.
Pursuant to the provisions of R.S. 33:381 that the mayor "shall supervise and direct the administration of the office", we find he can devise and place into effect the policies and procedures to be followed by the police department personnel including the chief, but this must not be in conflict with the ordinances established by the Board of Aldermen for the duties and responsibilities of the chief, or his decisions in the exercise of his inherent power of general law enforcement of state and municipal laws. As concluded by this office in Atty. Gen. Op. 87-682 the authority to enforce all ordinances and laws includes the grant of certain inherent powers which are necessary for him to effectively carry out his duties, and with reliance upon Lentini v. City of Kenner,211 So.2d 311, (La. 1968) found that the chief of police by the grant of these inherent powers is given the authority to control city police property and assign personnel.
Additionally, we conclude under R.S. 33:381 that the mayor may set the work schedules of the police department personnel, and can mandate a specific work schedule for the chief who is mandated to report directly to the mayor as long there is no conflict with any relevant ordinances, or the statutory provision that the chief is responsible for law enforcement of the municipality.
Having the authority to "direct the administration of the office", we believe the mayor can suspend or terminate a police officer who fails to follow a reasonable directive of the mayor acting under his statutory mandate to supervise and direct the administration of the office, and the requirement that the chief shall report directly to the mayor.
We find no mandate that the police officers hired under the elected chief of police must be rehired once the transition from an elected to an appointed chief occurs. The change to an appointed chief of police would not mean all police officers in the prior administration are terminated and must be rehired, although we would conclude those from the prior administration may be terminated by the mayor who directs the administration of the police department, and to whom the chief must directly report.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr